# BRONSTER LLP

156 W. 56th Street | Suite 703 | New York, NY 10019
T. 212.558.9300 | F. 347.246.4893 | www.Bronsterllp.com

**Andrew Kazin**
akazin@bronsterllp.com

April 12, 2024

**Via ECF**
The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Defendant shall file a letter, not exceeding three pages, responding to this letter by **April 18, 2024**.
>
> Dated: April 16, 2024
>        New York, New York
>
> SO ORDERED.
>
> _____
> **JENNIFER L. ROCHON**
> **United States District Judge**

Re:   Rejuvenating Fertility Center, PLLC v. TD Bank, N.A.
      Civil Action No.: 23-cv-05973 (JLR)

Dear Judge Rochon:

We represent plaintiff in this matter. We write to request an order compelling defendant TD Bank, N.A. to produce witnesses for depositions in accordance with the Second Amended Case Management Plan and Scheduling Order ("CMP") and produce policies and procedures relating to wire transfers. We attempted to resolve this discovery dispute during a (very cordial) meet and confer on April 9, 2024, but were unable to do so.

Plaintiff is a fertility center that provides egg donation, surrogacy, and support for the LGBTQ community, assistance for recurrent miscarriages and ten types of *in vitro* fertilization. Dr. Zaher Merhi, a professor for the State University of New York and Maimonides Medical Center, is its founder and owner. Dr. Merhi was forced to sue TD Bank when the Bank refused to recover $204,000 stolen from plaintiff via TD Bank's wire transfer procedures. Dr. Merhi notified TD Bank of the theft immediately. He had substantive conversations with TD Bank management. Management assured Dr. Merhi that the Bank could and would recover the funds. The Bank nevertheless reversed course and disclaimed all responsibility.

Although paper discovery is largely complete, the CMP provides for depositions ("Depositions shall be completed no later than 06/15/24"). TD Bank is refusing to produce any witnesses for depositions because it hopes to prevail on its fully briefed motion to dismiss. First, TD Bank claimed that plaintiff's request to depose four witnesses was "disproportionate" to the case, then it confirmed it would not produce any witnesses, even though it agreed to a court-ordered case management plan that provided for depositions. TD Bank has not moved to stay discovery.

720445.002

Page 2
April 12, 2024
Re: Rejuvenating Fertility Center, PLLC v. TD Bank, N.A.
   Civil Action No.: 23-cv-05973 (JLR)

      Plaintiff seeks to depose the TD Bank bankers who promised that TD Bank would recover the stolen funds, the banker who told Dr. Merhi that TD Bank would have recovered the funds if it had acted more quickly, and the TD Bank investigator who investigated the transfers. These witnesses are Jose Gomez, Marlon Jones and Tara Hartigan. We respectfully request that the Court order TD Bank to make these witnesses available on mutually convenient dates within thirty days, and award plaintiff the reasonable fees plaintiff incurred in preparing this letter motion.

      We also seek to compel the production of policies and procedures relating to the recovery of wire transfers. The Bank contends there are no "relevant" responsive documents because the Bank does not have policies and procedures in place for when transferred funds have already left the country. Plaintiff contends that if the Bank had followed its policies and procedures relating to wire transfers, the funds would not have left the country and the Bank could have recovered them. Further, the standard is whether the request seeks documents related to the claims or defenses of the parties to the action. Wire transfer policies and procedures applicable to when a customer seeks to reverse a transfer, and the steps bankers should take to act on that request, are certainly related to plaintiff's claims.

      Respectfully submitted,

      Andrew Kazin

AK/jr
cc: All parties of record via ECF

720445.002