# Duane Morris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

NELSON STEWART
DIRECT DIAL: +1 212 404 8767
PERSONAL FAX: +1 212 253 4037
E-MAIL: NMStewart@duanemorris.com

www.duanemorris.com

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

April 18, 2024

VIA ECF:
Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

*The Court shall hold oral argument on the parties' discovery dispute, Defendant's motion to stay discovery (ECF No. 43), and Defendant's motion to dismiss (ECF No. 11) on **April 30, 2024**, at **9:00 a.m.** in Courtroom 23B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007.*

**SO ORDERED.**

Dated: April 19, 2024
       New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

Re: <u>*Rejuvenating Fertility Center, PLLC v. TD Bank, N.A.*, Case No. 1:23-cv-05973-JLR – TD Bank's Response to Plaintiff's Motion to Compel Discovery</u>

Dear Judge Rochon,

This firm represents defendant TD Bank, N.A. ("***TD Bank***") in the above referenced action. On April 12, 2024 Plaintiff Rejuvenating Fertility Center, PLLC ("***RFC***") filed a letter motion (the "***Motion***") to compel the deposition of three TD Bank employees and the production of discovery it has not requested. [EFC No. 40]. Written discovery exchanged by the parties has failed to raise any facts supporting RFC's claims that TD Bank promised it would recover the funds at issue, or that it could have done so had its employees acted sooner. As set forth herein, and in TD Bank's pending motion to dismiss, even if such facts could be demonstrated, RFC's claims would still fail as a matter of law. Such highly speculative discovery is disproportionate because it is of no consequence to the outcome of this action. TD Bank respectfully submits that RFC's Motion to compel irrelevant discovery should therefore be denied.

### BACKGROUND

On November 1, 2022 Dr. Zaher Merhi, the sole member of RFC, followed email instructions from someone he believed was his real estate attorney and initiated a wire transfer from TD Bank in the amount of $204,000. Apparently no one at RFC bothered to confirm the transfer request with the attorney, nor did anyone make any effort confirm that the transfer had been received. RFC failed to discover that the transfer request was a business email compromise scam until eight days after Dr. Merhi expressly directed TD Bank to wire the funds. On November 9, 2022 RFC discovered an unauthorized check in the same amount of $204,000 had been drawn against its account and further discovered that the November 1, 2022 transfer was not transmitted to RFC's attorney. After receiving a report of the incident from RFC, TD Bank was able to stop the loss of funds from the check but was unable to recover funds from the



Honorable Jennifer L. Rochon
April 18, 2024
Page 2

November 1 wire transfer because the funds had been withdrawn from the beneficiary account the same day.

RFC filed a complaint (the "**Complaint**") against TD Bank asserting causes of action for negligence, violation of Article 4A of the New York Uniform Commercial Code[1], gross negligence and breach of contract. [ECF No. 7]. The Complaint fails to identify a single provision of the Business Deposit Account Agreement ("**Account Agreement**") governing RFC's account that was breached by TD Bank and does not allege any facts that would support claims of negligence or gross negligence on the part of TD Bank. TD Bank moved to dismiss this action for failure to state a claim on October 2, 2023 and RFC opposed the motion. [ECF Nos. 11-13, 24-25].

The Parties have exchanged responses to initial discovery demands. RFC's responses to TD Bank's First Request for Production consist of a mere seventeen pages of information, none of which lend any support to RFC's deficient claims. TD Bank has produced all relevant information. RFC has noticed the deposition of three TD Bank employees and believes TD Bank is in possession of additional policies concerning the recovery of the transferred funds at issue. Counsel for the parties met and conferred in good faith on April 9, 2024 but did not resolve their differences concerning discovery.

## ARGUMENT

The party seeking discovery bears the burden of demonstrating its relevance. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010) ("The burden of demonstrating relevance is on the party seeking discovery."). Discovery is relevant if (a) it has a "tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Here, RFC has failed to demonstrate the relevance of the information it seeks to compel. RFC does not dispute, because it cannot, that TD Bank followed the relevant Security Provisions of the Account Agreement when it authorized the wire transfer at issue. Instead, the Motion claims that TD Bank promised to recover the funds RFC lost and acknowledged that the funds could have been recovered if TD Bank had acted more quickly. This argument conveniently ignores the fact that TD Bank received notice of the stolen funds eight days after Dr. Merhi authorized the wire transfer. At that time, the funds had already been removed from the beneficiary account by the perpetrator of the business email compromise and could not be recovered. Any statements made by TD Bank employees could not change the terms of the Account Agreement. Nor would such statements impose a duty of care that would support a negligence claim. *Hunt v. Scotia-Glenville Cent. Sch. Dist.*, 92 A.D.2d 680, 681, 460 N.Y.S.2d 205, 206 (1983)("a mere gratuitous promise to render service or assistance, with nothing more, imposes no tort obligation upon the promisor, even though the plaintiff may rely on the promise and suffer damage because of that reliance")(citing Prosser, Torts [4th ed.], § 56, p. 344). Even "relevant" discovery is permissible only if the likely benefit of the discovery outweighs the burden. *See* Fed R. Civ. P. 26(b)(1).

---

[1] RFC has since withdrawn its claim for violation of Article 4A of the New York Uniform Commercial Code.

Honorable Jennifer L. Rochon
April 18, 2024
Page 3

DuaneMorris

"Proportionality and relevance are conjoined concepts", and the weaker the relevance of the information, the more likely it is discovery will be found to be disproportionate. *Vaigasi*, 2016 WL 616386, at *14. RFC has moved to compel discovery that is of no consequence in determining the outcome of this action. The burden of deposing three TD Bank employees for information that cannot support RFC's claims is of no benefit. Thus, the depositions are clearly disproportionate and RFC's Motion should be denied.

      RFC further speculates that TD Bank has failed to produce policies pertaining to the recovery of wire transfers. This argument fails for three reasons. First, RFC's document request pertaining to wire transfers requests "policies and procedures regarding wire transfers". RFC did not request documents concerning the recovery of wire transfers. The authorization and cancellation of wire transfers is covered in the Account Agreement that TD Bank produced. Second, wire transfers are typically completed the day they are initiated or the next business day. Any policy concerning the recovery of a wire transfer would only be relevant if the funds were actually recoverable. The funds RFC lost had been removed from the beneficiary account long before TD Bank received notice from of the business email scam from RFC. Nevertheless, RFC surmises that policies must exist that would address the recovery of funds from a transfer authorized by Dr. Merhi eight days after the transfer occurred. RFC's speculation does not warrant such broad discovery. *Tottenham v. Trans World Gaming Corp.*, No. 00 CIV. 7697 (WK), 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002)(discovery "cannot be based on pure speculation or conjecture"). Lastly, RFC has also offered no demonstration that the recovery polices referenced in its Motion would support its claims. This lack of relevance renders the discovery that is sought entirely disproportionate. *Vaigasi*, 2016 WL 616386, at *14.

      For the reasons stated above, TD Bank respectfully submits that RFC's Motion should be denied.

**Dated:** April 18, 2024

      Respectfully submitted,

*s/ Nelson M. Stewart*
Nelson M. Stewart
**Duane Morris LLP**
230 Park Avenue, Suite 1130
New York, NY 10169-0079
Phone: (212) 404-8767
Fax: (212) 818-9606
***Counsel for Defendant TD Bank, N.A.***